## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| JACQUELINE L. TAPPIN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:21-cv-02674 |
| SARMA COLLECTIONS, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JACQUELINE L. TAPPIN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SARMA COLLECTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

4.  Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in the Northern District of Texas.

5.  Defendant is a collection agency that provides third party debt collection services to creditors from a variety of industries. Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 555 East Ramsey Road, San Antonio, Texas.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.  The instant action arises out of Defendant's attempts to collect upon a purportedly defaulted credit card debt ("subject debt") said to be owed by Plaintiff.

9.  The subject debt stems from Plaintiff's purported defaulted payments in connection with a USAA personal credit card.

10.  In approximately June 2021, Plaintiff began receiving calls to her cellular phone, (817) XXX-5290, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5290.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant uses a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (210) 635-1875 and (210) 635-1874, but upon belief, it has used other numbers as well.

13. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14. Upon speaking with Defendant, Plaintiff was informed that it was acting as a debt collector attempting to collect upon the subject debt.

15. Frustrated by the nature of Defendant's collection efforts and her inability to pay due to financial hardship, Plaintiff demanded that Defendant stop calling her cellular phone and instead communicate with her in writing.

16. Notwithstanding Plaintiff's demands for no further calls, Defendant persisted in repeatedly contacting Plaintiff's cellular phone seeking collection of the subject debt.

17. Plaintiff has received dozens of phone calls from Defendant since asking it to stop calling.

18. In addition to contacting Plaintiff repeatedly after Plaintiff requested Defendant's calls cease, Defendant similarly contacted Plaintiff's sister, Amanda, notwithstanding Plaintiff's demands for no further phone calls.

19. After being contacted by Defendant, Amanda spoke with Plaintiff regarding the call and Defendant's collection efforts, causing Plaintiff a great deal of embarrassment that her sister, who has no connection to the subject debt, was being contacted regarding her indebtedness.

20. Plaintiff further contacted Defendant to complain about the calls to her sister, at which point Defendant ignored Plaintiff's complaints and instead attempted to obtain payment from Plaintiff.

21.  Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

22.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.  **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff at dozens of times after she demanded that it stop calling.  This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant further acted in a manner designed to harass Plaintiff through its contacts with third parties after Plaintiff demanded no further phone calls be placed by Defendant. Defendant contacted such third parties notwithstanding Plaintiff's clear demands in an effort to harassingly place outward pressure on Plaintiff to address the subject debt lest third parties continue to get contacted regarding the subject debt.

32. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b.  Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior,

Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to persistently harass Plaintiff until the subject debt was paid.

### c.   Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. Defendant further violated § 1692f when it unfairly contacted third parties regarding Plaintiff's indebtedness notwithstanding her demands that Defendant's phone calls cease.

WHEREFORE, Plaintiff, JACQUELINE L. TAPPIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39.  Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41.  Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

42.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone dozen of times after she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. Rather than adhere to Plaintiff's demands, Defendant continued in its harassing campaign of phone calls in hopes that Plaintiff would feel harassed into making payments lest the incessant phone calls continue.

45. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone and third parties notwithstanding Plaintiff's demands.

WHEREFORE, Plaintiff, JACQUELINE L. TAPPIN, respectfully requests that this Honorable

Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: October 28, 2021                          Respectfully submitted,

s/ Nathan C. Volheim                             s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                 Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                            Counsel for Plaintiff
Admitted in the Northern District of Texas       Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                           (331) 307-7648 (phone)
(630) 575-8188 (fax)                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         ecoleman@sulaimanlaw.com


s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com